UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 94-06362-CIV-MOORE

UNITED STATES WOMEN'S CHALLENGE,
INC. and NANCE FRANK,

        Plaintiffs,

vs.

YAMAHA MOTOR COMPANY, LTD., trading
as YAMAHA ROUND THE WORLD;
HEINEKEN N.V., a/k/a HEINEKEN BREWERIES;
HEINEKEN NEDERLANDS BEHEER B.V.; S/V
HIENEKEN, her rigging, tackle, apparel, furniture,
engines, etc.; WHITBREAD PLC trading as
WHITBREAD ROUND THE WORLD RACE; and
OCEAN VENTURES MANAGEMENT, LTD.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REINSTATE LITIGATION

THIS CAUSE came before the Court upon Plaintiffs' Notice of Ripeness (DE # 191) of Plaintiffs' Motion to Reinstate Litigation (DE # 176) and Heineken Defendants' Motion to Dismiss (DE # 194) and Defendant Whitbread PLC's Motion to Dismiss (DE # 200). These Motions involve the same issues and Plaintiffs and Defendants have filed Responses and Replies.

UPON CONSIDERATION of the Motions, Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

Plaintiffs commenced this action on April 22, 1994. The underlying issues in the complaint concerned the purchase of a sailboat, repossession of the sailboat, and the entry and

participation of the sailboat in the Whitbread Race, a 32,000 mile sailboat race. The central premise of the action was that the repossession of the vessel was wrongful and in violation of the purchase agreement.

Four years later on May 8, 1998, after extensive litigation and an interlocutory appeal to the Eleventh Circuit, the Court issued an Arbitration Order (DE # 173) finding that "all of Plaintiffs' claims are subject to arbitration pursuant to the [purchase] Agreement" between Plaintiffs and Ocean Ventures (DE # 173 at 5–6). The Court ordered (1) Plaintiffs to proceed with arbitration with Defendant Ocean Ventures; (2) the parties to advise the Court of the status of the arbitration on a quarterly basis; (3) the case stayed pending arbitration; (4) the Clerk of the Court to close the case for administrative purposes; and (5) all pending motions denied as moot. (DE # 173 at 10). On or about July 19, 1999, the Eleventh Circuit dismissed the defendants' appeal because the Court's May 8, 1998 order compelling arbitration rendered the issues on appeal moot.

On July 28, 1999, shortly after the Eleventh Circuit dismissed the defendants' appeal, Plaintiffs sent a letter to Ocean Ventures' counsel requesting a specific arbitrator and suggested using the Federal Arbitration Rules. Ocean Ventures' counsel responded three business days later, on August 2, 1999, explaining that the proper forum for arbitration was New Zealand and suggesting that the arbitration be held under the Law of New Zealand pursuant to the purchase agreement. Def. Mot. Ex. B. Beyond this letter, it is unclear what, if any, efforts Plaintiffs made privately to hold the arbitration with Ocean Ventures. It is clear, however, that Plaintiffs did not file anything with the Court until over a year and a half later on April 9, 2001. At no point since the Court's May 8, 1998 Order have Plaintiffs filed a single quarterly status reports as required

2

by that order.

Eventually, and after approximately three years of slumber, the Plaintiffs woke up and filed a Motion to Compel Arbitration (DE # 174), apparently upon learning that Ocean Ventures had been dissolved. Also upon learning that Ocean Ventures had been dissolved and arbitration was unlikely to occur, Plaintiffs filed a motion to Reinstate Litigation against the other defendants (DE # 176) on May 22, 2001. However, Plaintiffs never filed a motion specifically requesting the Court to lift the previously imposed stay nor a motion to reopen the previously closed case. Plaintiffs filed nothing with the Court between September 7, 2001 and November 28, 2006. Over five years after its last filing in 2001, Plaintiffs filed a Notice of Ripeness (DE # 191) of the Motion to Reinstate. On January 18, 2007, this case was reassigned from Judge Norman C. Roettger to this Court.

Defendants argue in their Motions to Dismiss that the case should be dismissed with prejudice because Plaintiffs have delayed prosecuting their claims for so long, and because they would be prejudiced if, after such a delay of prosecution, they were now required to litigate based on events that occurred more than 13 years earlier, and because they are prejudiced by Plaintiffs failure to arbitrate the issues involving the purchase agreement and sailboat repossession which affect all other claims.

## II. LEGAL STANDARD

### Dismissal Under Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court[.]" Fed. R. Civ. P. 41(b); McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006). Also,

3

Southern District of Florida Local Rule 41.1 allows dismissal for want of prosecution. Dismissal with prejudice is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005).

### III. ANALYSIS

**A. Failure to Arbitrate**

Dismissal under Rule 41(b) is warranted when a plaintiff fails to abide by a court's order to arbitrate. Windward Agency, Inc. v. Cologne Life Reinsurance Co., 123 Fed. Appx. 481, 484 (3rd Cir. 2005); James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005); Salt Lick Bancorp v. Fed. Deposit Ins. Corp., 187 Fed. Appx. 428, 446–47 (6th Cir. 2006); El Masri v. Chrysochoos, No. 03-cv-1978-T-30MSS, 2006 WL 3086904, at *1 (M.D. Fla. Oct. 27, 2006); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D. Va. 2001); Ames v. Standard Oil Co. (Indiana), 108 F.R.D. 299, 303 (D.D.C. 1985).

Plaintiffs received the arbitration order on May 8 1998, but made no effort to arbitrate until over a year later on July 19, 1999. Pl. Resp. (DE # 202) at 3–4. Plaintiffs claim this delay was because they were waiting for an appellate court decision. Id. The Court's order did not allow for delay because of the Appeal of another matter, and Plaintiffs did not move for an enlargement of time to complete arbitration, nor a stay of arbitration pending the appeal.

The next clear delay on the record includes the 20 months between sending a letter to Ocean Ventures on July 28, 1999 and filing the Motion to Compel Arbitration (DE # 174) on April 9, 2001. Plaintiffs did not file a single Motion in those 20 months, nor did they file quarterly status reports as required by the Court's Arbitration Order (DE # 173). During that

time this Court had not been notified that arbitration was not occurring. Plaintiffs could easily have made efforts to move the arbitration along by filing a motion or report with this Court at any time within those 20 months.

The Court finds that there is a clear record of delay and failure to follow this Court's Arbitration Order, and this warrants dismissal of the case. The Court is unpersuaded by Plaintiffs' arguments that any delay should be blamed on this Court, especially considering Plaintiffs' failure to file any quarterly status reports.

**B. Failure to Submit Quarterly Reports**

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order[.]" McIntosh v. Gauthier, 182 Fed. Appx. 884, 886 (11th Cir. 2006). Plaintiffs have not only failed to comply with the Court's Arbitration Order (DE # 173) by delaying and failing to arbitrate, but have repeatedly failed to comply with that order by not filing a single quarterly status report. The willful failure to comply with this order warrants dismissal of the complaint.

**C. Failure to Prosecute after Arbitration Became Impossible**

Failure of a plaintiff, for several years, to take positive steps to progress litigation after the failure of an arbitration warrants dismissal with prejudice under Rule 41(b). Herrman v. Allstate Ins. Co., 450 F. Supp. 2d 537 (E.D. Pa. 2006); Fed. R. Civ. P. 41(b). In Herrman, after arbitration failed, the plaintiff allowed the case to "lay dormant for seven years." Herrman, 450 F. Supp. 2d at 540. The court dismissed the entire case with prejudice. Herrman, 450 F. Supp. 2d at 544. In this case, Plaintiffs did not file anything with the Court for more than five (5) years between September 7, 2001 and November 28, 2006. Plaintiffs filed a motion to reinstate

litigation, but have never filed a specific motion to lift the stay, nor a specific motion to reopen the case.

On November 28, 2006, Plaintiffs filed a Notice of Ripeness (DE # 191) of Plaintiffs' Motion to Reinstate Litigation (DE # 176). Plaintiffs claim that this Court is to blame for the lack of prosecution during the 5 years prior to this Notice, because the Court did not rule on the Motion to Reinstate Litigation. But it is Plaintiffs responsibility to prosecute, not the Court's. Plaintiffs never complied with the Court's Order requiring a quarterly status report, filed no notice of ripeness prior to November 28, 2006, and filed no other motions or notices of any kind. The Court cannot be blamed for this failure to prosecute.

The Court finds that by allowing this case to lay dormant for over five (5) years, Plaintiffs have left a clear record of delay and failure to prosecute which warrants dismissal with prejudice.

## D. Lesser Sanctions Inadequate

Any sanction less than dismissal with prejudice is inadequate when many years have passed since the events leading to the action. Windward, 353 F. Supp. 2d at 541; ("alternative sanctions such as the imposition of fines and costs would be appropriate. The basic problem is the prejudice to defendant from the twelve years that have passed since the events in question took place . . . Fines and Costs cannot turn back the clock or restore blurred memories or missing files."); Ames, 108 F.R.D. at 303 n.8 ([w]here as here, a party, over a period of many months and in defiance of the Court, refuses to prosecute an action, and order of dismissal is the only appropriate sanction."); Herrman, 450 F. Supp. 2d at 543–44 ("no alternative sanction is appropriate" when "twelve years . . . have passed since the events in question took place."). The events leading to the claims in this case occurred over 13 years ago. Not only did Plaintiffs fail

to complete arbitration of issues underlying all claims before the other party to arbitration dissolved, Plaintiffs also delayed for over five (5) years after the arbitration before filing a notice with the Court. Considering the clear record of delay and the many years that have passed since the events in question, dismissal with prejudice is the only adequate sanction.

## IV. CONCLUSION

For the reasons set forth above, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Reinstate Litigation (DE # 176) is DENIED. It is further

ORDERED AND ADJUDGED that Heineken Defendants' Motion to Dismiss (DE # 194) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant Whitbread PLC's Motion to Dismiss (DE # 200) is GRANTED. It is further

ORDERED AND ADJUDGED that all of Plaintiffs' claims are DISMISSED WITH PREJUDICE. This case shall remain CLOSED. All pending motions regarding this case are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of April, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record